**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                             No. 96-4496

JAMES D. BRACKENRICH,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, District Judge.
(CR-96-59)

Argued: September 25, 1996

Decided: November 4, 1996

Before LUTTIG and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Campbell Palmer, IV, ROBINSON & MCELWEE,
Charleston, West Virginia, for Appellant. John Lanier File, Assistant
United States Attorney, Charleston, West Virginia, for Appellee. **ON
BRIEF:** Rebecca A. Betts, United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant James D. Brackenrich pleaded guilty to a single count information charging him with the misdemeanor of negligently discharging a pollutant into a wetland without a permit. The district court sentenced Brackenrich to one-month of imprisonment, one year of supervised release following his term of imprisonment, and a fine of $25,000. The Additional Supervised Release Terms include a requirement that he "shall forthwith submit and execute a restoration plan approved by the Environmental Protection Agency for the property damaged by the instant offense. The maximum period of time required for restoration shall not exceed 18 months." J.A. at 260. Brackenrich challenges the terms of the fine and of the restoration order.* For the reasons that follow, we affirm the district court order.

Brackenrich lodges a series of complaints regarding the district court's restoration order, none of which is meritorious. Brackenrich argues that the district court's requirement that he submit a restoration plan "approved by the Environmental Protection Agency" constitutes an impermissible delegation of authority to that agency. Brackenrich expressly agreed in paragraph five of his plea agreement that his sentence could, "at the discretion of the District Court," include as a condition of his release a requirement that he restore the wetland in question. J.A. at 9. This agreement further provided that "[t]he parties understand and agree that the District Court and the Probation Office may seek assistance and counsel from the United States Environmental Protection Agency as needed in connection with any restoration issues." J.A. at 9. Regardless of whether the requirement that Brackenrich submit a proposal approved by the EPA is authorized by the plea agreement, the district court was justified in drawing upon the

_____

*Brackenrich withdrew his argument that the district court selected the incorrect Sentencing Guideline range.

2

expertise of the EPA in this manner. The district court's order required only the prior approval of the EPA; the court at all times maintained final authority regarding the imposition and revocation of Brackenrich's supervised release. Therefore, the district court order in no way violated the nondelegation doctrine.

Brackenrich's other challenges to the restoration order need detain us only briefly. We conclude that the district court did make adequate factual findings with regard to the cost of restoration and Brackenrich's financial resources, as evidenced by the court's adoption of the findings of fact in the presentence report, which contained approximately four pages of information regarding Brackenrich's financial condition and ability to pay. Additionally, the district court gave sufficiently clear requirements for the restoration, and its requirement that the restoration plan be completed within eighteen months was not an abuse of discretion.

Brackenrich also challenges the district court's imposition of a $25,000 fine. Brackenrich contends that the district court failed to make adequate factual findings, failed to consider his ability to pay, and improperly delegated the timing of fine payments to the probation officer. We conclude that the district court did make adequate factual findings, including adoption of the presentence report. Furthermore, the district court did expressly consider Brackenrich's financial ability to pay the fine, J.A. at 225; the court even waived the interest on the fine due to Brackenrich's financial status, J.A. at 261. Regarding the alleged delegation of authority to the probation officer, Brackenrich concedes that he failed to object to this aspect of the court's order at sentencing, and Brackenrich has failed to show how his substantial rights have been prejudiced by the alleged delegation.

We have read the briefs, heard oral argument, and given thorough consideration to the parties' contentions. We find that the district court did not commit reversible error, and therefore we affirm the district court order.

AFFIRMED